133 Nev., Advance Opinion 22

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF TIMOTHY R. TREFFINGER, BAR NO. 12877. | No. 70143 |

**FILED**

MAY 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Petition under SCR 111 to suspend and refer Nevada lawyer for discipline based on conditional guilty plea under NRS 453.3363 to felony possession of a controlled substance; motion to set aside interim suspension under SCR 111(7).

*Petition granted; interim suspension stayed.*

C. Stanley Hunterton, Bar Counsel, and Stephanie A. Tucker Barker, Assistant Bar Counsel, Las Vegas,
for the State Bar of Nevada.

Timothy R. Treffinger, Las Vegas,
in Pro Se.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PICKERING, J.:

Timothy Treffinger is a Nevada-licensed lawyer who pleaded guilty to one count of possession of a controlled substance (heroin), a class

17-15763

E felony under NRS 453.336. The district judge who accepted Treffinger's plea placed him on probation for three years and in the diversion program NRS 453.3363 creates for first-time offenders. If Treffinger succeeds in the diversion program, the criminal charges against him will be dismissed, and he will avoid a final judgment of conviction.

Treffinger notified the State Bar of Nevada of his plea, as SCR 111(2) requires. Sometime later, bar counsel filed a petition under SCR 111(4), advising this court of Treffinger's felony possession plea. The State Bar seeks Treffinger's interim suspension and referral for formal bar discipline, as SCR 111 directs when a lawyer is convicted of a felony. Treffinger disputes whether a conditional guilty plea under NRS 453.3363 is a "conviction" that triggers automatic suspension under SCR 111(7). He also urges that, assuming his plea does constitute a conviction for purposes of SCR 111, "good cause" exists to "set aside" or stay his suspension.

## I.

## A.

Nevada's diversion program for first-time narcotics offenders is modeled on section 414 of the Uniform Controlled Substances Act, 9 pt. IV U.L.A. 787-88 (2007) (UCSA). *See* NRS 453.011 (adopting the UCSA, with amendments, in Nevada and codifying it at NRS 453.011 to NRS 453.348). Under NRS 453.3363(1), a court may place a first-time offender on probation and into a diversion program "without entering a judgment of conviction." *See* UCSA § 414(a). Provided the offender fulfills all the terms and conditions of probation and the program's education and rehabilitation requirements, "the court shall discharge the accused and dismiss the proceedings against him or her." NRS 453.3363(3); *see* UCSA

§ 414(b). Dismissal allows the offender to avoid a final judgment of conviction:

> Except as otherwise provided in subsection 5, *discharge and dismissal under [NRS 453.3363(3)]* is without adjudication of guilt and *is not a conviction for purposes of this section or for purposes of employment, civil rights or any statute or regulation or license or questionnaire or for any other public or private purpose* . . . .

NRS 453.3363(4) (emphasis added); UCSA § 414(c); *see also Hohenstein v. Nev. Emp't Sec. Div.*, 131 Nev., Adv. Op. 17, 346 P.3d 365, 366-67 (2015) (reversing adverse unemployment benefits decision that treated an employee's guilty plea under NRS 453.3363 as establishing a felony conviction, though he was midway toward successfully completing probation and his diversion program).

NRS 453.3363(4) differs from UCSA section 414(c) in its lead-in language, "[E]xcept as otherwise provided in subsection 5." Where the counterpart UCSA provision has no exceptions, subsection 5 of NRS 453.3363 creates a Nevada-specific exception to the rule against treating diversion-program proceedings as convictions. The exception allows a professional licensing board such as the State Bar of Nevada (and, by extension, this court) to consider proceedings under NRS 453.3363 in assessing suitability for licensing or imposing discipline on a licensee for professional misconduct:

> A professional licensing board may consider a proceeding under this section in determining suitability for a license or liability to discipline for misconduct.

NRS 453.3363(5). Unlike *Hohenstein*, 131 Nev., Adv. Op. 17, 346 P.3d at 366, where we held that a plea pursuant to NRS 453.3363 does not establish a felony conviction justifying denial of unemployment

compensation, *see* NRS 453.3363(4), this case involves professional discipline, to which the professional misconduct exception in NRS 453.3363(5) squarely applies. The Supreme Court Rules and Model Rules of Professional Conduct, as adopted in Nevada, thus determine the effect of Treffinger's guilty plea on his suspension and discipline, not NRS 453.3363.

## B.

SCR 111 provides for the interim suspension and referral for discipline of a lawyer who has been convicted of a serious crime. Subsection (1) of SCR 111 defines "conviction" broadly to include not only final judgments of conviction but also conditional guilty pleas and deferred sentencing arrangements like Treffinger's:

> *"Conviction" defined.* For purposes of this rule . . . *a "conviction" shall include a plea of guilty or nolo contendere,* [or an *Alford* plea], . . . *regardless of whether a sentence is suspended or deferred or whether a final judgment of conviction has been entered,* and regardless of any pending appeals.

(Emphasis added.) Under SCR 111(7), interim suspension follows automatically on proof the lawyer has been convicted of a "serious crime":

> *Suspension on Certification. Upon the filing* with the supreme court of a petition with a certified copy *of proof of the conviction, demonstrating that an attorney has been convicted of a serious crime, the court shall enter an order suspending the attorney,* regardless of the pendency of an appeal, pending final disposition of a disciplinary proceeding, which shall be commenced by the appropriate disciplinary board upon referral by the supreme court. *For good cause, the court may set aside its order suspending the attorney from the practice of law.*

(Emphasis added.) And, SCR 111(6) defines "serious crime" categorically: "The term 'serious crime' means . . . a felony."

SCR 111 parallels Rule 19 of the Model Rules for Lawyer Disciplinary Enforcement (Am. Bar Ass'n 2007) (MRLDE). MRLDE 19 similarly provides for automatic suspension pending final discipline when a lawyer has been found guilty of a "serious crime," even though the conviction is not final. *See also Standards for Imposing Lawyer Sanctions* Standard 2.4 (Am. Bar Ass'n 1992), *reprinted in Annotated Standards for Imposing Lawyer Sanctions* 63 (Am. Bar Ass'n 2015) (providing for interim or temporary suspension of a lawyer "upon conviction of a 'serious crime'"). Automatic pre-discipline suspension can produce anomalous results for a lawyer whose criminal conviction is later reversed or whose final discipline, after hearing, merits a lesser sanction than the interim suspension already served. *Compare* Nev. R. Prof. Cond. 8.4(b) (defining misconduct as the commission of "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects," rather than conviction of a crime), *with* 2 Geoffrey C. Hazard, Jr., W. William Hodes & Peter R. Jarvis, *The Law of Lawyering* § 69.02, at 69-4 (4th ed. 2017) (noting that "the point of Rule 8.4(b) is to define, necessarily in general terms, the relationship between criminal law violation and violation of *professional* norms—a category of crimes, the commission of which *does* reflect a deficiency in the qualities that should characterize a lawyer," and suggesting that "[t]he commission of a crime outside this category should not subject a lawyer to professional discipline"). Despite its potential for overinclusiveness, SCR 111 and its cognates, MRLDE 19 and ABA Standard 2.4, deem automatic suspension of a lawyer convicted of a felony justified "because of the often-significant

SUPREME COURT
OF
NEVADA

(O) 1947A

5

delay between entry of the finding of guilt of a serious crime and entry of the ultimate judgment of conviction," *Annotated Standards*, at 64, and the need "in such cases both to protect members of the public and to maintain public confidence in the legal profession pending final determination of the appropriate discipline to be imposed," *id.* at 63.

In sum, SCR 111 requires Treffinger's interim suspension and referral for formal discipline. Treffinger pleaded guilty to a felony, which SCR 111(6) deems a "serious crime." Under SCR 111(1), a guilty plea establishes a "conviction" even though a final judgment of conviction has not been entered and the sentence is suspended or deferred. From his guilty plea, Treffinger's interim suspension and referral for formal discipline follow automatically under SCR 111(7).

## II.

The final sentence of SCR 111(7) creates a "good cause" exception to its automatic suspension mandate: "For good cause, the court may set aside its order suspending the attorney from the practice of law." *See also* MRLDE 19 (providing a court may terminate a lawyer's automatic interim suspension "[i]n the interest of justice . . . at any time upon a showing of extraordinary circumstances"). Treffinger argues that, even if his plea constitutes conviction of a "serious crime" that triggers suspension, "good cause" exists to "set aside" or stay his suspension.

At this court's request, the parties filed supplemental briefs and the State Bar supplied a status report on Treffinger's progress following entry of his diversion order. The report appends a memo from Treffinger's probation officer confirming Treffinger's representations that he is on track in the diversion program and, so far, has complied with all the terms and conditions of probation. The State Bar also reports that it

has received no grievances or complaints against Treffinger since filing its SCR 111 petition. Treffinger has no other disciplinary record.

SCR 111(7) does not define what constitutes "good cause" to "set aside" an interim suspension order, and MRLDE 19 is similarly silent. As discussed above, automatically suspending a lawyer upon conviction of a serious crime serves two principal purposes: (1) it protects clients and the public from the risk of harm by a potentially unfit attorney until the disciplinary board can convene and conduct a hearing to determine the final discipline appropriate, *see State Bar of Nev. v. Claiborne*, 104 Nev. 115, 124, 756 P.2d 464, 469 (1988); and (2) it "serves to protect the profession and the administration of justice from the specter created where an individual found guilty of a 'serious crime' continues to serve as an officer of the court in good standing." MRLDE 19 cmt.

Consistent with these goals, we hold that "good cause" to relieve a lawyer from automatic interim suspension depends, first and foremost, on the danger the lawyer's crime and other established misconduct suggest he or she poses to clients, the courts, and the public. *Cf.* SCR 102(4)(b) (providing for temporary suspension of a lawyer where, although not convicted of a crime, the lawyer "appears to be posing a substantial threat of serious harm to the public"). A related but secondary concern is "whether there is a substantial likelihood, based on all the available evidence, that a significant sanction will be imposed on the [lawyer] at the conclusion of any pending disciplinary proceedings." *In re Discipline of Trujillo*, 24 P.3d 972, 979 (Utah 2001). Additional factors suggested by this case include the harm interim suspension will cause the lawyer and the lawyer's existing clients, and the mechanisms available for

monitoring the lawyer's conduct so suspension can be stayed and conditions imposed, rather than set aside outright.

Any crime by a lawyer reflects adversely on the profession. But Treffinger's crime—first-time possession not for purposes of sale of a controlled substance—does not inherently involve dishonesty, theft, or serious interference with the administration of justice. We recognize, as the Texas Supreme Court did in *In re Lock*, 54 S.W.3d 305, 309 (2001), a case involving similar facts, that "possession of a controlled substance may adversely affect a lawyer's ability to practice honestly and effectively." But "looking solely to the elements of the offense, we cannot say that the elements of [Treffinger's] offense mandate the legal conclusion that every attorney guilty of that offense is categorically unfit to practice law." *Id.* The risk in allowing a lawyer who has entered a conditional guilty plea to possession of a controlled substance to continue to practice pending formal disciplinary proceedings is not *per se* intolerable, as it would be, for example, where a lawyer has victimized his clients by stealing from them. This view finds support in the Nevada Lawyers' Assistance Program and Lawyers Concerned for Lawyers, both of which proceed from the premise that education and treatment, with proper monitoring, can allow a lawyer to continue to practice despite an addictive disorder. *See* SCR 105.5 & 106.5; *Lock*, 54 S.W.3d at 312 (citing the Texas Lawyers' Assistance Program as support for its holding that a lawyer's conditional guilty plea to felony first-time possession of a controlled substance should be evaluated through the standard grievance process, which considers the circumstances of the crime and aggravation and mitigation, rather than categorically).

By his plea, Treffinger has admitted committing the crime of possession of a controlled substance—heroin—as serious a possessory offense as exists. We thus are not prepared to "set aside" his suspension as he asks. But by virtue of his plea, Treffinger has subjected himself to stringent probation conditions, with which he has thus far complied. These conditions include being subject to search at any time of day or night without prior notice or a warrant, successfully completing any counseling deemed necessary by the Division of Parole and Probation, having no contact with his codefendants (other than his fiancée), performing 300 hours of community service, completing substance abuse evaluation, and being subjected to and complying with random drug tests.

Courts hesitate to fashion stayed suspension orders not imposed as part of stipulated final discipline because of the difficulty and expense associated with adequate compliance monitoring. *See In re Conduct of Obert*, 89 P.3d 1173, 1181 (Or. 2004). But here, Treffinger already is on probation and in a diversion program addressing the criminal act giving rise to the referred disciplinary charge. This court can stay Treffinger's interim suspension and require, as a condition of the stay, that he provide the office of bar counsel quarterly compliance reports from his probation officer and that he immediately advise the State Bar of any violations without unduly imposing on the office of bar counsel. These conditions cabin the risk associated with allowing him to continue to practice despite his plea.

The professional discipline to be imposed on Treffinger remains undecided. If Treffinger successfully completes his diversion program, he will not be a convicted felon. His admitted act of possessing a controlled substance remains a violation of law for which bar discipline is

appropriate, *see* Nev. R. Prof. Cond. 8.4(b), but the felony conviction will not exist. Courts elsewhere have imposed suspensions ranging from ninety days to two years for first-time possession of a controlled substance, depending on the circumstances of the offense and evidence of any mitigation or aggravation. *Lock*, 54 S.W.3d at 311-12; *cf.* 2 Geoffrey C. Hazard, Jr., W. William Hodes & Peter R. Jarvis, *supra*, at 69-14 to 15 (pointing out that "a pattern of conduct might yield an assessment of unfitness [to practice] that would not follow from an isolated incident," such that "a lawyer repeatedly convicted of driving while intoxicated . . . might be subject to professional discipline on that basis, whereas a lawyer guilty of just one such incident—even a serious one—ought not to be disciplined"). Staying automatic suspension averts the possibility of pre-discipline suspension exacting a stiffer price than the sanction that is ultimately imposed.

Finally, staying Treffinger's interim suspension so long as he continues to adhere to his conditions of probation avoids harm to existing clients whose representation would be disrupted were he to be suspended; it also facilitates Treffinger's diversion program progress by allowing him to continue to work while completing probation.

For these reasons, we grant the State Bar's petition under SCR 111(1) and (7), suspend Treffinger from the practice of law, and refer this matter to the Southern Nevada Disciplinary Board for formal disciplinary proceedings. We stay the suspension conditioned on Treffinger's continued adherence to the terms and conditions of his probation, his successful participation in his diversion program, and the absence of any further disciplinary offenses. Treffinger shall provide the office of bar counsel with quarterly compliance reports from his probation

officer and shall immediately notify the State Bar of any probation violations, so the office of bar counsel can timely apply to this court to dissolve the stay in that event.

_____, J.
Pickering

We concur:

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich